United States District Court
Southern District of Texas
**ENTERED**
September 20, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DANNY D. VESTAL, §
 §
 Plaintiff, §
 §
v. §
 §  CIVIL ACTION NO. H-16-3628
FEDERAL NATIONAL MORTGAGE §
ASSOCIATION and WELLS FARGO §
BANK, N.A., §
 §
 Defendants. §

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Danny D. Vestal ("Plaintiff"), sued defendants Wells Fargo Bank, N.A. ("Wells Fargo") and Federal National Mortgage Association ("Fannie Mae") in the 268th Judicial District Court of Fort Bend County, Texas.[1] Defendants Wells Fargo and Fannie Mae (collectively "Defendants") timely removed to this court.[2] Pending before the court is Defendants' Motion to Dismiss and Brief in Support ("Motion to Dismiss") (Docket Entry No. 22). For the reasons stated below, the Motion to Dismiss will be granted, and this action will be dismissed with prejudice.

I.  **Factual Allegations and Procedural Background**

On September 20, 2012, Plaintiff obtained a home-equity loan from Embrace Home Loans, Inc. ("Embrace") in the amount of

---

[1]See Plaintiff's Original Petition and Request for Disclosures ("Plaintiff's Original Petition"), Exhibit D-1 to Notice of Removal, Docket Entry No. 1-4.

[2]See Notice of Removal, Docket Entry No. 1.

$122,400.00 to refinance a previous loan on 4434 Waterfall Way, Sugar Land, Texas 77479 ("the Property"). Plaintiff simultaneously executed a Texas Home Equity Security Instrument ("Security Instrument") and a Texas Home Equity Affidavit and Agreement ("Affidavit"). Embrace is a direct lender of Fannie Mae. On June 17, 2016, Plaintiff sent Defendants a Notice to Cure alleged constitutional violations contained in the Security Instrument. Plaintiff alleged that (1) Plaintiff's home equity loan exceeded 80 percent of the fair market value of the property at the time of closing in violation of Article XVI section 50(a)(6)(B) of the Texas Constitution, and (2) Plaintiff and Embrace did not properly execute a written acknowledgment of the property's fair market value at the time of closing in violation of section 50(a)(6)(Q)(ix). Based on the alleged constitutional violations, Plaintiff brings causes of action for breach of contract, quiet title, declaratory judgment, and a permanent injunction to preclude foreclosure on the property. Defendants move to dismiss all claims for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).[3] Plaintiff opposes Defendants' Motion to Dismiss.[4] Each claim will be analyzed under the standard of review set forth below.

---

[3] See Motion to Dismiss, Docket Entry No. 22, p. 20.

[4] See Plaintiff's Response to Defendants' Motion to Dismiss ("Plaintiff's Response"), Docket Entry No. 23.

-2-

## II. Standard of Review

Under the Federal Rules of Civil Procedure a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff's pleading must provide the grounds of his entitlement to relief, and "a formulaic recitation of the elements of a cause of action will not do. . . ." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). "'[N]aked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Twombly,

127 S. Ct. at 1974. The court does not "strain to find inferences favorable to the plaintiffs" or "accept conclusory allegations, unwarranted deductions, or legal conclusions." Southland Securities Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004) (internal quotation marks and citations omitted). "[C]ourts are required to dismiss, pursuant to [Rule 12(b)(6)], claims based on invalid legal theories, even though they may otherwise be well-pleaded." Flynn v. State Farm Fire and Casualty Insurance Co. (Texas), 605 F. Supp. 2d 811, 820 (W.D. Tex. 2009) (citing Neitzke v. Williams, 109 S. Ct. 1827, 1832 (1989)).

## III. Analysis

A. Breach of Contract

Plaintiff alleges that Defendants breached their agreement with Plaintiff by failing to "conform strictly to provisions of the Texas Constitution applicable to Extension of Credit as defined by Section 50(a)(6)."[5] Specifically, Plaintiff brings a breach of contract action for Defendants' alleged violation of sections 50(a)(6)(B) and 50(a)(6)(Q)(ix) of the Texas Constitution. Section 50(a)(6)(B) prohibits a forced sale if the extension of credit secured by a voluntary lien exceeds 80 percent of the fair market value of the homestead on the date the extension of credit is made. TEX. CONST. art. XVI, § 50(a)(6)(B). Section 50(a)(6)(Q)(ix) requires the

---

[5] See Plaintiff's Original Petition, p. 9 ¶ 17, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-4.

borrower and lender to sign a written acknowledgment as to the fair market value of the homestead property on the date the extension of credit is made. TEX. CONST. art. XVI, § 50(a)(6)(Q)(ix).

Section 50(a) of the Texas Constitution does not create a separate cause of action, rather it "simply describes what a home-equity loan must look like if a lender wants the option to foreclose on a homestead upon borrower default." Garofolo v. Ocwen Loan Servicing, L.L.C., 497 S.W.3d 474, 478 (Tex. 2016). But a borrower may assert constitutional violations through a breach of contract action when the constitutional forfeiture provision is incorporated into the terms of the home-equity loan. Alexander v. Wells Fargo Bank, N.A., 867 F.3d 593 (5th Cir. 2017); Johnson v. Citigroup Mortgage Loan Trust Inc., Civil Action No. 5:16-cv-1114-RCL, 2017 WL 3337268, at *9 (W.D. Tex. Aug. 3, 2017); Garofolo, 497 S.W.3d at 484; Wood v. HSBC Bank USA, N.A., 505 S.W.3d 542, 546 (Tex. 2016). As such, the relevant statute of limitations for the underlying breach of contract action controls. Alexander, 867 F.3d 593; Johnson, 2017 WL 3337268, at *9. Actions for breach of contract are governed by the four-year statute of limitations. TEX. CIV. PRAC. & REM. CODE ANN. § 16.051; Stine v. Stewart, 80 S.W.3d 586, 592 (Tex. 2002). A breach of contract action accrues at the time of breach. Via Net v. TIG Ins. Co., 211 S.W.3d 310, 314 (Tex. 2006); Stine, 80 S.W.3d at 592.

Compliance with section 50(a) "is measured by the loan as it exists at origination and whether it includes the terms and

conditions required to be foreclosure-eligible." Garofolo, 497 S.W.3d at 478. The proper accrual date for breach of contract for violation of section 50(a) occurs at the date of closing. Alexander, 867 F.3d 593; Sims v. Carrington Mortgage Services, L.L.C., 440 S.W.3d 10, 17 n.28 (Tex. 2014). Plaintiff's alleged violations for failure to comply with the 80 percent rule of section 50(a)(6)(B) and failure to include an Acknowledgment of Fair Market Value under section 50(a)(Q)(ix) therefore accrued on September 20, 2012, the date the loan was closed. Alexander, 867 F.3d 593; Johnson, 2017 WL 3337268, at *11. Under the four-year statute of limitations Vestal was therefore required to raise a breach of contract claim by September 20, 2016. Because he filed his state court petition for breach of contract on November 3, 2016, his claim is barred by limitations.

B. **Quiet Title Action**

Plaintiff also seeks to remove a cloud on title to the Property. A suit to remove cloud or to quiet title exists "'to enable the holder of the feeblest equity to remove from his way to legal title any unlawful hindrance having the appearance of better right.'" Essex Crane Rental Corp. v. Carter, 371 S.W.3d 366, 388 (Tex. App. — Houston [1st Dist.] 2012, pet. denied); Hahn v. Love, 321 S.W.3d 517, 531 (Tex. App. — Houston [1st Dist.] 2009, pet. denied). The plaintiff has the burden of proof to establish his superior equity and right to relief. Id. To do so the plaintiff must show (1) an interest in a specific property, (2) title to the

-6-

property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable. Vernon v. Perrien, 390 S.W.3d 47, 61-62 (Tex. App. — El Paso 2012, no pet.) (citation omitted). The plaintiff must recover on the strength of his own title, not on the weakness of a defendant's title. Hurd v. BAC Home Loans Servicing, LP, 880 F. Supp. 2d 747, 767 (N.D. Tex. 2012); Ventura v. Wells Fargo Bank, N.A., No. 4:17-CV-075-A, 2017 WL 1194370, at *2 (N.D. Tex. Mar. 30, 2017); Martin v. Amerman, 133 S.W.3d 262, 265 (Tex. 2004); Hejl v. Wirth, 161 Tex. 609, 610, 343 S.W.2d 226, 226 (1961).

Plaintiff asserts that (1) Plaintiff is the undisputed owner of the property by virtue of Plaintiff's recorded deed; (2) Defendants have clouded Plaintiff's title by claiming that Defendants have a lien for security purposes on Plaintiff's Property and that Defendants have the power to foreclose on said property; and (3) the home equity lien upon which Defendants assert an interest, although facially valid, is in fact invalid and of no force or effect because Defendants' uncured constitutional violations have rendered Defendants' underlying lien void ab initio. Plaintiff alleges that Defendants' claim therefore interferes with his title.[6] Defendants contend that Plaintiff's claim fails as a matter of law.[7]

---

[6] See Plaintiff's Original Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-4, p. 11 ¶ 24.

[7] Motion to Dismiss, Docket Entry No. 22, p. 18.

Plaintiff's claim to superior title is not based on the strength of Plaintiff's title to the Property, but on the weakness of Defendants' title to the Property resulting from the alleged violations of the Texas Constitution. Therefore, Plaintiff's quiet title claim fails as a matter of law. See Ventura, 2017 WL 1194370, at *2-*3 (dismissing the plaintiff's quiet title claim that was based on the same alleged constitutional violations to the home equity loan as in Vestal's claim because it rested on the weakness of the defendant's title rather than on the strength of the plaintiff's title).

C.  **Request for Declaratory Judgment**

Plaintiff seeks a declaratory judgment pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code. Chapter 37 of the Texas Civil Practice and Remedies Code, titled the "Texas Declaratory Judgments Act," is a procedural, not a substantive, provision and therefore does not apply to actions in federal court. Vera v. Bank of America, N.A., 569 F. App'x 349, 352 (5th Cir. 2014). A request for declaratory judgment under state law is thus considered as a claim under the federal Declaratory Judgment Act. See 28 U.S.C. § 2201. "Both Texas and federal law require the existence of a justiciable case or controversy in order to grant declaratory relief." Val-Com Acquisitions Trust v. CitiMortgage, Inc., 421 F. App'x 398, 400 (5th Cir. 2011) (citing Bonham State Bank v. Beadle, 907 S.W.2d 465, 467 (Tex. 1995)). "A declaratory

judgment action requires the parties to litigate some underlying claim or cause of action." Conrad v. SIB Mortgage Corp., No. 4:14-CV-915-A, 2015 WL 1026159, at *7 (N.D. Tex. March 6, 2015). When, as is the case here, a plaintiff's claims will be dismissed, his request for declaratory relief has no merit. Wheeler v. U.S. Bank Nat'l Ass'n, Civil Action No. H-14-0874, 2016 WL 554846, at *8 n.53 (S.D. Tex. Feb. 10, 2016).

Plaintiff requests a declaration that "(a) [] Defendants have failed to cure Constitutional defects in the loan documents, (b) [] the mortgage lien is noncompliant with the Texas Constitution and thereby VOID, and (c) [] title be quieted in Plaintiff's name."[8] This request duplicates Plaintiff's breach of contract and quiet title claims. Because Plaintiff's underlying claims will be dismissed, the court will not grant declaratory relief.

D. Request for Injunctive Relief

Plaintiff has requested a permanent injunction against Defendants. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." Cook v. Wells Fargo Bank, N.A., Civil Action No. 3:10-CV-0592-D, 2010 WL 2772445, at *4 (N.D. Tex. July 12, 2010); Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002). Because Plaintiff has failed to state a claim upon which relief can be granted, he is not entitled to injunctive relief.

---

[8]See Plaintiff's Original Petition, Exhibit D-1 to Notice of Removal, Docket Entry No. 1-4, p. 12 ¶ 31.

## IV. Conclusions and Order

For the reasons discussed above, Plaintiff has failed to state in his Original Complaint any claims upon which relief can be granted. Neither has the Plaintiff provided the court with any reason to believe amending his pleadings would cure the deficiency. Defendants' Motion to Dismiss (Docket Entry No. 22) is therefore **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 20th day of September, 2017.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE